FILED

December 9, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 7:55 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KINGSPORT

| | | |
|---|---|---|
| William Russell, Jr.,<br>    Employee, | ) | Docket No.: 2016-02-0299 |
| v. | ) | State File Number: 94942-2015 |
| Futuristic, Inc.,<br>    Employer, | ) | Judge Brian K. Addington |
| And | ) | |
| Wesco Insurance Company,<br>    Insurance Carrier. | ) | |

---

## EXPEDITED HEARING ORDER (DECISION ON THE RECORD)

---

This matter came before the undersigned Workers' Compensation Judge on December 8, 2016, upon the Request for Expedited Hearing (REH) filed by William Russell, Jr., pursuant to Tennessee Code Annotated section 50-6-239 (2015). Mr. Russell filed the REH on November 10, 2016, and requested the Court decide the matter on the record without an evidentiary hearing. Futuristic, Inc., did not request an in-person hearing.

On November 28, 2016, the Court issued a Docketing Notice for File Review Determination, in which it listed the documents contained in the record. The Court allowed the parties until December 7, 2016, to object to the admissibility of any document contained in the record and/or to file a Position Statement with the Court. The deadline expired without objection or additional information submitted by either party.

The present focus of the case is whether Mr. Russell sustained a compensable hernia injury while working for Futuristic in August 2015. The central legal issue is whether Mr. Russell presented sufficient evidence to demonstrate he is likely to prevail at a hearing on the merits on the issue of satisfying the statutory definition of an injury

1

according to Tennessee Code Annotated section 50-6-102(14)(A) (2015), in general, and the requirements of a hernia injury under Tennessee Code Annotated section 50-6-212 (2015), in particular.[1] An additional issue is whether Mr. Russell satisfied the notice requirements in Tennessee Code Annotated section 50-6-201 (2015). For the reasons set forth below, the Court finds Mr. Russell is not likely to prevail on either issue at a hearing on the merits. Consequently, he is not entitled to the requested workers' compensation benefits at this time.

## History of Claim

William Russell, a resident of Hawkins County, Tennessee, worked for Futuristic, a furniture manufacturer, for many years as a cutter in the sewing department. Mr. Russell's job duties required him to lift and cut fabrics. (Ex. 1 at 1.) Futuristic ceased doing business and closed its facility in October 2015. (T.R. 1 at 3.)

According to his Petition for Benefit Determination (PBD), Mr. Russell "cannot specifically identify a date when the hernia occurred." (T.R. 1 at 2.) However, he asserts that "[d]uring the month of August 2015," he felt a "stinging and burning discomfort and a pulling sensation in [his] right lower abdomen and groin area" after lifting a heavy roll of upholstery fabric. (Ex. 1 at 1.) According to Mr. Russell, "I presumed I had pulled a muscle, but the discomfort and pain continued for several weeks." *Id.*

On September 10, Mr. Russell presented to his primary care provider at HealthStar Physicians with low back pain and frequent urination. (Ex. 3 at 1.) The symptoms began one week before. *Id.* The physician's assistant (PA) who evaluated him, Ronald Woody, made no reference to a hernia or hernia-related symptoms. In fact, he indicated Mr. Russell had "no masses or tenderness." (Ex. 3 at 7.) PA Woody diagnosed Mr. Russell with a urinary tract infection and recommended a follow-up appointment the next week.

Mr. Russell again presented at HealthStar on September 18, complaining of pain in his lower back. (Ex. 3 at 10.) Nurse practitioner, Barbara Smith, examined him and recorded that he had "no . . . abdominal pain." (Ex. 3 at 11.) Upon palpation of the abdomen, Nurse Smith observed "no tenderness or masses." (Ex. 3 at 12.) She diagnosed Mr. Russell with prostatitis and hematuria and prescribed an antibiotic. *Id.* Nurse Smith also referred Mr. Russell to Dr. Philip Serbin at Hamblen Urology Clinic for evaluation and treatment of the hematuria. (Ex. 4 at 1.)

On November 13, Dr. Serbin examined Mr. Russell and performed a cystoscopy, which revealed multiple strictures through the urethra. *Id.* Dr. Serbin described the strictures as having the "classic appearance of strictures from gonococcal urethritis,

---

[1] Additional information regarding the technical record and exhibits that the Court considered in this Decision on the Record is attached to this Order as an Appendix.

although the patient denies this." The doctor determined that the "[g]ross hematuria may be related to these strictured areas, but the patient definitely needs upper tract imaging." He added, "On exam, the patient also has a right inguinal hernia, and we will take the liberty of sending him to general surgery for further evaluation and management of his right inguinal hernia."

Mr. Russell reported his alleged injury to Futuristic on November 20, and Futuristic prepared a First Report of Work Injury. (Ex. 2.) It subsequently denied Mr. Russell's claim, citing the lack of timely notice and documentation supporting the claim.

Mr. Russell returned to Dr. Serbin on January 29, 2016. Dr. Serbin made the following observations:

> [F]or whatever reason, workman's comp got involved, and therefore, [the urogram] was denied. This is not a workers' comp case, and therefore, we need to start over from scratch with him with a CT urogram. He has had no additional hematuria and there has been no change in his exam for review of symptoms otherwise . . . He also needs a general surgery consult for right inguinal hernia and we are sending him to the UT surgeons here for further evaluation and management of his right inguinal hernia.

(Ex. 4 at 2.)

A general surgeon, Dr. Shane Edwards, examined Mr. Russell on February 10. (Ex. 5 at 1.) Mr. Russell described his lifting activity for Futuristic "back in last August of last year," and according to Dr. Edwards:

> He says at that time he did not really think that much of it, but continued to have persistent complaints with that over the past several months in the interim. He had discussed these findings with his wife, and she did not find anything, or was familiar with anything that may be the cause of it. This did not get brought to anyone's attention until he saw Dr. Serbin . . . He denies a visible bulge incarcerated or strangulation symptoms at any point.

*Id.*

Upon examination of the inguinal area, Dr. Edwards noted, "He has no visible bulge that is present on inspection a (sic) sizeable impulse is noted on coughing and Valsalva when the patient is supine. On standing evaluation, a (sic) obvious right inguinal hernia is identified on palpation, this is difficult to ascertain whether direct or indirect." (Ex. 5 at 2.) Dr. Edwards and Mr. Russell agreed to a surgical repair of the hernia.

However, the surgery has not been performed to date. As Mr. Russell stated in his

affidavit, "I cannot afford to pay for an inguinal hernia repair and cannot have the operation until my condition is determined to be work related, and I am awarded workers' compensation benefits; including medical benefits." (Ex. 1 at 2.)

## Findings of Facts and Conclusions of Law

In this workers' compensation case, Mr. Russell has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). However, Mr. Russell need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an Expedited Hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which the trial court can determine that he is likely to prevail at a hearing on the merits. *Id.*

In order to be compensable, a work injury must meet the definition of "injury," in Tennessee Code Annotated section 50-6-102(14) (2015). In particular, the injury must be by accident. Tennessee Code Annotated section 50-6-102(14)(A) states:

An injury is "accidental" only if the injury is caused by a *specific incident*, or set of incidents, arising primarily out of and in the course and scope of employment, and is *identifiable by time and place of occurrence [.]* (Emphasis added.)

Mr. Russell alleged a work-related hernia injury. However, in his PBD, he acknowledged that he "cannot specifically identify a date when the hernia occurred." The law requires much more particularity regarding the details of an alleged work accident than Mr. Russell presently demonstrates. He cannot provide a date on which the alleged incident occurred, and therefore, fails to meet the statutory definition of an injury.

Further, Tennessee Code Annotated 50-6-212 (2015) sets out the five criteria that must be "definitively proven to the satisfaction of the court" in order for a hernia claim to be compensable. Failure to establish even one of the criteria renders the claim not compensable. They are:

(1) There was an injury resulting in hernia or rupture;

(2) The hernia or rupture appeared suddenly;

(3) It was accompanied by pain;

(4) The hernia or rupture immediately followed the accident; and

(5) The hernia or rupture did not exist prior to the accident for which compensation is claimed.

4

Mr. Russell fails on the first criterion, because he has failed to prove that he suffered an "injury" as defined by statute, as discussed above. He also fails as to the second and fourth criteria. The provided medical records demonstrate that Mr. Russell only sought medical attention when he discovered blood in his urine, not as the result of any abdominal pain. In fact, on September 18, 2015, Nurse Smith recorded that Mr. Russell had "no . . . abdominal pain," among other negative symptoms.

Moreover, it is not clear that the hernia "appeared suddenly," or for that matter, at all, "immediately" following the alleged lifting incident. Mr. Russell told Dr. Edwards that over the ensuing months following the accident, his wife could not "find anything" indicative of a hernia, and Mr. Russell himself "denie[d] a visible bulge -" a fact that Dr. Edwards confirmed upon his examination in February 2016. While Mr. Russell asserted feeling pain at the time of the accident, it is not clear to the Court that the hernia did not exist before the accident. Dr. Edwards only discovered the hernia upon palpation during a standing evaluation, and even then, he added, it "is difficult to ascertain whether direct or indirect." In other words, Dr. Edwards could not say whether the hernia was congenital.

It is also significant that Dr. Serbin did not believe Mr. Russell's condition was caused by a work injury. Indeed, he seemed surprised to learn of Mr. Russell's workers' compensation claim when he examined him on January 29, 2016. As Dr. Serbin stated, "[F]or whatever reason, workman's comp got involved . . . This is not a workers' comp case[.]" Therefore, the only direct medical proof as to whether or not Mr. Russell's condition was related to a work accident shows that it was not. Nothing else in the available medical records indicates otherwise.

Having failed to establish to the Court's satisfaction four of the five required statutory elements of a hernia, together with the opinion of Dr. Serbin on causation, Mr. Russell has not carried his burden to demonstrate that he is likely to prevail at a hearing on the merits in establishing a compensable, work-related hernia injury.

The Court also finds that Mr. Russell's claim fails on the issue of notice to the employer. According to Mr. Russell, he felt pain immediately in his "right lower abdomen and groin" upon the alleged lifting incident. The resulting pain persisted. However, he did not give notice of the injury to Futuristic until November 20, 2015. While he may not have known the precise nature or extent of his condition, Mr. Russell could reasonably have known that he suffered some injury as a result of the alleged lifting incident, given that he alleged immediate and ongoing pain when it occurred.

Tennessee Code Annotated section 50-6-201(a)(1) states:

No compensation shall be payable under this chapter, unless the written notice is given to the employer within thirty (30) days after the occurrence

of the accident, unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented.

Mr. Russell did not provide Futuristic with timely notice of his alleged injury, and the Court finds no reasonable excuse for the delay. Consequently, Mr. Russell fails to show he is likely to prevail at a hearing on the merits as to satisfaction of the notice requirement of the Tennessee Workers' Compensation Law.

For the reasons discussed above, the Court holds Mr. Russell has not come forward with sufficient evidence for the Court to determine he would succeed at a hearing on the merits of his claim for benefits. Mr. Russell's hernia is not compensable, and he is not entitled to the requested workers' compensation benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Russell's claim against Futuristic for temporary disability and medical benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on January 30, 2017, at 2:00 p.m. Eastern.

**ENTERED this the 9th day of December, 2016.**

          **__/s/Brian K. Addington_____**
          **Judge Brian K. Addington**
          **Court of Workers' Compensation Claims**

Scheduling Hearing:

A Scheduling Hearing has been set with **Judge Brian K. Addington, Court of Workers' Compensation Claims. You must call 855-543-5044 to participate in the Hearing.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time.**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the Workers' Compensation Judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's

position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. Affidavit of William Russell;
2. First Report of Work Injury;
3. Medical records – HealthStar Physicians[2];
4. Medical records – Dr. Philip Serbin;
5. Medical records – Dr. Shane Edwards;
6. Medical bills; and,
7. Wage Statement


Technical record:
1. Petition for Benefit Determination;
2. Dispute Certification Notice;
3. Request for Expedited Hearing;
4. Employer Response to Request for Expedited Hearing w/Exhibits; and,
5. Docketing Notice for File Review Determination.

---

[2] Over 130 pages of medical records were provided from HealthStar Physicians, many dating back as far as 2006. The Court only examined the records pertinent to this claim, which date from August 2015, forward. Those pertinent records are attached as Exhibit 3.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order (Decision on the Record) was sent to the following recipients by the following methods of service on December _, 2016.

| Name | Certified Mail | First Class Mail | Via Email | Service Sent To: |
|---|---|---|---|---|
| William Phillips, Esq., Attorney for Mr. Russell | | | X | wep@phillipsandhale.com |
| Fred Baker, Esq., Attorney for Futuristic | | | X | fbaker@wimberlylawson.com |

/s/ Penny Shrum_____
**Penny Shrum, Clerk of the Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**